IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGE LEE GRAYSON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,[1]<br>Acting Commissioner of Social Security,<br><br>Defendant. | CASE NO. 4:16-cv-00061-GBC<br><br><br>(MAGISTRATE JUDGE COHN)<br><br>OPINION AND ORDER TO GRANT<br>PLAINTIFF'S MOTION FOR ATTORNEY<br>FEES |

**OPINION AND ORDER TO GRANT PLAINTIFF'S MOTION FOR ATTORNEY FEES**

Before the Court are Plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b). (Doc. 33). In Plaintiff's Motion, Plaintiff's counsel seeks approval of an attorney fee award of $15,000.00 pursuant to 42 U.S.C. § 406(b) and the terms of the contingency fee contract between Plaintiff and counsel. (Doc. 33).

**I. STANDARD OF REVIEW**

Unlike fees awarded under other statutes such as the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, fees under 42 U.S.C. § 406(b) are paid from the claimant's benefits, rather than from agency funds, based on a contract between the claimant and the claimant's attorney. Pursuant to 42 U.S.C. § 406(b), a district court must independently assess the reasonableness of the terms in contingent-fee agreements. <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 808 (2002). § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable

---

[1] Effective January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Commissioner Berryhill is automatically substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

results in particular cases," and to guard against windfalls for lawyers. Id. at 807-08. Decisions on motions for § 406(b) fees "are committed to the district court's sound discretion." McGraw, 450 F.3d at 505. § 406(b) contemplates awarding a reasonable fee only for work performed before the court, not for work performed before the agency. See McGraw, 450 F.3d at 498. Thus, in considering the reasonableness of a § 406(b) request, the court should not consider time enumerated for any work that was performed before the administrative agency. Additionally, where a plaintiff is also awarded attorney fees under the EAJA, plaintiff's attorney must refund the lesser of the two fees to plaintiff. See Gisbrecht, 535 U.S. at 796; Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

## II. BACKGROUND AND COMMISSIONER RESPONSE

In this case, the Commissioner issued to Plaintiff a Notice of Award on October 1, 2017, showing Plaintiff and his family were entitled to past due benefits, of which the Commissioner withheld 25 percent, or a total of $24,637.00 ($19,120.00 from Plaintiff's past due benefits and $5,517.00 from his family's past due benefits), for the payment of attorney fees (see Doc. 33-2 at 1, 3). Here, counsel requests $15,000.00 in fees for 20.1 hours of attorney work and 5.8 hours of paralegal work before the court (see Doc. 33 at 2, 6; Doc. 33-4). Although Plaintiff's motion indicates 5.2 paralegal hours (see Doc. 33 at 6), counsel's billing timesheets indicate a total of 5.8 paralegal hours were expended in litigating this matter (see Doc. 25-1; Doc. 33-4). In her response, the Commissioner notes she is "not a party to § 406(b) fee awards and generally takes no position on such petitions … but rather she defers to the Court's sound discretion as to the reasonableness of the fee award." (Doc. 35).

However, the Commissioner states in calculating the effective hourly rate for the court's reasonableness consideration, Plaintiff applies a multiplier to the paralegal fees (see Doc. 33 at 6-

2

7). Commissioner states Plaintiff cites no authority for doing so and asserts the court should award paralegal fees only at paralegal market rates. See, e.g., La Plant v. Berryhill, No. C14-1143-JCC, 2017 WL 823289, at *3 (W.D. Wash. Mar. 2, 2017) (unpublished) ("As to the paralegal hours, however, the Court does not find it appropriate to apply the . . . multiplier." (citing Chandler v. Sec'y of Dep't of Health & Human Servs., 792 F.2d 70, 73 (6th Cir. 1986) (awarding paralegal fees under § 406(b) but only at paralegal rates)). Here, Plaintiff's billing timesheets and EAJA filings indicate counsel's firm billed paralegal work at $100 per hour from 2011 through 2015, and at $120 per hour beginning in 2016 (see Doc. 33-4; Doc. 25 at 8-9). This calculates to a total of $680.00 for paralegal work (0.8 paralegal hours billed in 2015 at the rate of $100 per hour and 5 paralegal hours billed in 2016 and 2017 at the rate of $120 per hour) (see Doc. 25-1; Doc. 33-4). Thus, for purposes of determining the reasonableness of the fees sought for the 20.1 hours of attorney work in this case, Commissioner argues the court should reduce the total amount of § 406(b) fees to $680.00 in paralegal fees (versus the $1,404.00 suggested by Plaintiff's counsel when improperly using a multiplier). Less the $680.00 (for the 5.8 hours of paralegal work billed at the market rate), counsel is requesting $14,320.00 in § 406(b) fees for 20.1 hours of attorney work. Thus, counsel is effectively requesting attorney fees at the rate of $712.44 per hour.

### III. ANALYSIS

The court located few social security disability cases analyzing paralegal hours within attorney fee awards. A district court in Colorado found:

> To determine a reasonable fee request, a court must begin by calculating the "lodestar amount." Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). With respect to assessing the hours claimed, the Supreme Court has found that certain tasks are non-compensable because they are "purely clerical or secretarial tasks [which] should not be billed at a paralegal rate, regardless of who performs them." Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 n.10 (1989).

> Here, plaintiff seeks an award of fees for 0.2 hours related to service of process. Such time is not compensable. See Jenkins, 491 U.S. at 288 n.10. The Court finds that the remainder of the hours claimed are reasonable. In addition, the Court notes that Mr. Seckar undertook a substantial risk of loss in connection with the case, devoted considerable time and effort in presenting plaintiff's position, and obtained a favorable result for plaintiff.

Valenzuela v. Colvin, 2013 WL 1786501, at *2–3 (D. Colo. Apr. 25, 2013). In this case, Plaintiff's counsel submitted billing timesheets indicating clerical time expended, but counsel did not request attorney fees for clerical hours. See Doc. 33-4. Plaintiff's counsel solely requested attorney fees for paralegal and attorney time spent litigating the case. See id. In a district court in Oregon, the court found:

> In those cases that have dealt with the issue of paralegal time, some have excluded the time completely; see Roark v. Barnhart, 221 F.Supp.2d 1020, 1026 (W.D. Mo. 2002); and others have considered paralegal time in assessing the overall reasonableness of the fee request. See Siraco v. Astrue, 806 F. Supp. 2d 272, 278-79 (D. Me. 2011) (noting that the question is not whether paralegal time is compensable or what multiplier for paralegal time is appropriate, but whether the fee is reasonable in light of the legal services provided); Crawford v. Astrue, 586 F.3d 1142, 1151-53 (9th Cir. 2009) (repeatedly referencing paralegal time, but nowhere stating how paralegal services should be accounted for, and discouraging a lodestar based approach). This court adopts the approach set forth in Siraco, whereby the results achieved are compared with the services provided to reach a reasonable fee. Indeed, a discussion of an appropriate paralegal fee versus attorney fee creates the risk that this court will overly rely on a lodestar approach when the focus should be on the contingent-fee agreement, adjusted for reasonableness.
>
> Here, the court concludes that the requested fee is unreasonable. This is driven by two primary factors. The first is that the case was not particularly complex or time consuming and the second is that the retroactive benefits recovered were quite large. The combination of these two factors results in a windfall. In short, "the benefits are large in comparison to the amount of time counsel [and paralegal] spent on the case [and] a downward adjustment is ... in order." Gisbrecht, 535 U.S. at 808. While giving primacy to the contingent fee agreement, this court concludes that a reasonable fee in this case would constitute 17 percent of the retroactive awards.

Atwood v. Comm'r of Soc. Sec., 2011 WL 6372790, at *2–3 (D. Or. Dec. 19, 2011). In this case, the total award in past benefits was $98,548.00. Thus, if counsel requests $15,0000.00, counsel

4

ultimately requests a little over 15 percent for a total award, when the fee agreement permitted 25 percent. Atwood cited the Siraco case in deciding the fee award. In Siraco, the court concluded:

> The firm's work was successful and it obtained for her a total award of $45,466.50. She will continue to receive benefits into the future, but those future amounts are not counted in the contingency fee calculation. Twenty-five percent of her award of past due benefits is $11,366.62. Since the law firm has already recovered $6,000 in fees for its work on her behalf before the Social Security Administration, the current motion in this court under section 406(b) seeks the remaining $5,366.62 of the percentage contingency for the work done here.
>
> It is true that Gisbrecht talks about the amount of time "counsel" spent on the case. But there is no suggestion that in using this language the court was focusing on the lawyer's time alone in assessing the reasonableness of a contingent fee and trying to bind Social Security practice to a particular model of law firm structure. As I have stated, if a firm can organize its practice efficiently by using less of its lawyers' time, yet still produce high quality legal work, it should not be penalized in the fee it can recover. A different conclusion would lead this and other lawyers to do more of the work themselves and delegate less to paralegals, to no apparent gain. I conclude that the reasonableness review contemplated by Gisbrecht has to do with the entire fee, compared to the services rendered, and is not limited to the hours put in by someone admitted to the bar.
>
> Thus, the issue here is not whether paralegal time is compensable or, if so, what multiplier, if any, is appropriate. The issue is whether this percentage contingent fee agreement yields a reasonable fee amount in this case. The answer to that question depends upon the legal services provided, regardless of how the law firm structured its work on the case, and whether that amount needs to be reduced (Crawford) or whether there is some additional reason beyond the lodestar calculation (Jeter v. Astrue, 622 F.3d 371 (5th Cir. 2010)) to find that some part of the fee was unearned and not due to the law firm's efforts. I conclude that the amount requested here does not create such a windfall.

Siraco v. Astrue, 806 F. Supp. 2d 272, 273-74, 278-79 (D. Me. 2011). The court agrees with Siraco and finds the paralegal fees reasonable within the context of the entire fee award.

In January 2017, after the case was filed and briefed by counsel, the Commissioner filed a motion to remand and the Court entered judgment in favor of Grayson, remanding the case for further proceedings. (Docs. 20, 21, 22). On remand, the agency found on that Grayson had been disabled since June 2010 and that he and his auxiliaries were entitled benefits beginning December 2010. The Notices of Award indicate that the agency withheld $19,120.00 from Grayson's past

due benefits and $5,517.00 from the auxiliary back benefits for a total of $24,637.00 in order to pay attorney fees.

As the agency withholds 25 percent of back benefits to pay fees, the notices of award show $98,548.00 in back benefits were awarded on remand. Plaintiff's counsel may request fees for as much as $24,637.00. However, Plaintiff's counsel states in the interests of billing judgment, counsel requests attorney fees for court work for $15,000.00, less than the contractual amount. (Doc. 33). The fee petition for approval of an agency fee of $6,000 remains pending. The EAJA payment of $4,465.60 will also be available for payment of the § 406(b) fees. Once the § 406(b) fee amount is paid in full, the $4,465.60 EAJA payment received by counsel will immediately be refunded to Plaintiff. Therefore, Plaintiff will be out of pocket less than the 25 percent of back benefits he contracted to pay attorney fees even after both the agency fee and court fee are paid. If the agency representative is paid the requested amount of $6,000.00, then there should remain $18,637.00 from the back benefits to pay the § 406(b) fee award. Additionally, the $4,465.60 EAJA award remains available to pay against the remaining amount due for court work. According to law, the excess EAJA award will immediately be refunded to Plaintiff to the extent counsel has been double paid for the same work. This means that once the requested court fees and agency fees are paid, more than $8,000 should remain to be released to Plaintiff by the agency and court counsel.

Thus, the Court concludes that a fee award of $15,000.00 is reasonable in this matter. This amount is consistent with the contract between counsel and Plaintiff and is within the statutory limits of § 406(b).

## IV. CONCLUSION

Plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) (doc. 33) is hereby GRANTED as follows. The Court finds $15,000.00 to be a reasonable attorney fee, and that fee is hereby awarded to Plaintiff's attorney. Upon receipt of payment, counsel is required to refund to Plaintiff the smaller of the § 406(b) fees or the EAJA fees pursuant to <u>Weakley</u>, 803 F.2d at 580.

SO ORDERED this 8 December 2017.

**Gerald B. Cohn**
**United States Magistrate Judge**